PETER RUKIN (SBN 178336)
prukin@rukinhyland.com
JESSICA RIGGIN (SBN 281712)
jriggin@rukinhyland.com
RUKIN HYLAND LLP
100 Pine Street, Suite 2150
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERMAINE MCNEAL and GENOA SOSA, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>RCM TECHNOLOGIES (USA), INC., a Nevada Corporation, and DOES 1 – 100, inclusive,<br>                Defendants. | Case No. 2:16-cv-05170-ODW-SS<br><br>[~~PROPOSED~~] **ORDER APPROVING AWARD OF SERVICE PAYMENTS, ATTORNEYS' FEES, AND COSTS**<br><br>Date: July 10, 2017<br>Time: 1:30 p.m.<br>Place: Courtroom 5D – 5th Floor<br>Judge: Hon. Otis D. Wright II |

On July 10, 2017, this Court held a hearing on Plaintiffs' Motion for Order Approving Award of Service Payments, Attorneys' Fees, and Costs, at which all named parties were represented. Based on the papers filed with the Court and presentations made to the Court at the hearing, the Court finds that the requested service awards and requested attorneys' fees and costs are fair and reasonable. The Court hereby grants Plaintiffs' Motion as detailed below.

## I. The Requested Service Awards Are Appropriate

In the Ninth Circuit, "[i]ncentive awards are fairly typical in class action cases." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). Such awards "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Id.* at 958-59. In evaluating a request for a service award for a class representative, courts consider all "relevant factors including the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, … the amount of time and effort the plaintiff expended in pursuing the litigation … and reasonable fears of workplace retaliation." *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (internal citation omitted).

Based on the arguments and evidence submitted by the Plaintiffs, I find that a $10,000 service award for each of the two named Plaintiffs is reasonable and appropriate. Each of the named Plaintiffs submitted a declaration detailing the ways in which he or she assisted Class Counsel in the litigation of this case, including by reviewing pleadings and motions, consulting regularly with Class Counsel about case status and strategy, searching for relevant documents, traveling to and attending the full-day mediation, and reviewing the Settlement Agreement that was ultimately reached. In addition, each of the named Plaintiffs took a

-1-
2:16-cv-05170-ODW-SS
[PROPOSED] ORDER APPROVING AWARD OF SERVICE PAYMENTS, ATTORNEYS' FEES, AND COSTS

significant risk by becoming a class representative in this action. If Plaintiffs had not prevailed, there was a risk that they may have been liable for Defendant's costs and attorneys' fees. Plaintiffs also took on the burdens and risks associated with being named Plaintiffs in a publicly filed lawsuit, including the risk of workplace retaliation or that potential employers might look unfavorably upon the decision to sue a former employer.

In addition, I find that the incentive awards are proportional to the range of possible awards under the settlement. *See Staton*, 327 F.3d at 976-77 (court must balance "the number of named plaintiffs receiving incentive payments, the proportion of the payments relative to the settlement amount, and the size of each payment"); *Wren v. RGIS Inventory Specialists,* No. C-06-05778 JCS, 2011 U.S. Dist. LEXIS 38667, at *109-110 (N.D. Cal. Apr. 1, 2011) (examining range of settlement awards and approving $5,000 settlement awards where average payout was $207.69 because some of the individual class members received more than $5,000). Indeed, "courts often examine whether incentive awards are proportional to the range of settlement awards." *Burden v. Selectquote Ins. Servs.,* 2013 U.S. Dist. LEXIS 109110, at *18-19 (N.D. Cal. Aug. 1, 2013). In this case, each class member will recover an average of $1,951.89, with some class members recovering in excess of $25,000. Given that class members will recover significantly more than service awards requested, I find that the service awards requested are fair and reasonable, particularly in light of the actions Plaintiffs have taken to benefit the class, the degree to which the class has benefited from these actions, and the risks and burdens the Plaintiffs took on by serving as class representatives.

In sum, the requested payments to the named Plaintiffs are appropriate and justified as part of the overall Settlement, and I therefore approve service awards in the amount of $10,000 for each of the two named Plaintiffs: Jermaine McNeal and

Genoa Sosa.

## II. The Requested Attorneys' Fees and Costs Are Reasonable

The Ninth Circuit has affirmed the use of two separate methods for determining attorneys' fees in common fund cases: the percentage method and the lodestar method. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). The goal of both the lodestar and percentage methods is the determination of a reasonable fee that is consistent with market rates. *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*, 109 F.3d 602, 607 (9th Cir. 1997) ("Reasonableness is the goal, and mechanical or formulaic application of either method, where it yields an unreasonable result, can be an abuse of discretion."). A "lodestar" calculation multiplies the number of hours reasonably expended on the litigation by counsel's reasonable hourly rates, depending on the region and the experience of the lawyer. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).

I find that it is appropriate to use lodestar method under the present circumstances, *see Adventist Christian School v. Carrier Corp.*, No. 05-cv-05437, 2008 U.S. Dist. LEXIS 106515, at *4 (W.D. Wash. Apr. 24, 2008) ("Because the attorneys' fees will be paid separately by [defendant] without reducing the relief available to the Class, the lodestar method is appropriate"), and that the lodestar method supports Class Counsel's requested attorneys' fees. Class Counsel submitted a billing summary reflecting that Class Counsel's lodestar through June 2, 2017, totals in excess of $123,000.00. Class Counsel's billing summaries reflect the hours worked by individual timekeepers, the hourly rates of those timekeepers, and the time spent on various categories of activities, including case development and investigation, discovery and document review, pleading and motions, and time spent negotiating and carrying out the settlement in this matter. The billing summary does not include the additional lodestar time Class Counsel expect to

expend finalizing and filing this motion, preparing for and attending the final fairness hearing, speaking with Class Members who may have questions about the settlement, and ensuring that the settlement is properly administered.

Further, I find that Class Counsel's hourly rates are reasonable given their experience, expertise, and the prevailing rates for attorneys performing similar work. Under the lodestar method, courts should apply rates commensurate with hourly rates for lawyers of "reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The "relevant community" for the purposes of determining the reasonable hourly rate is the district in which the lawsuit proceeds. *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997).

The attorneys that contributed work to this case are experienced in complex class action litigation and regularly litigate cases in California federal and state courts. The partners managing the litigation have an extensive history of successfully litigating complex class action cases. Class Counsel have also provided declarations from other experienced wage and hour class action attorneys in Southern California who attest to Class Counsel's reputation in the field and the reasonableness of their rates. I therefore find that Class Counsel's hourly rates are reasonable, comparable to those of other class action attorneys with similar experience and years of practice, and within the range of those found to be permissible for attorneys practicing class action litigation in the Central District/Los Angeles area market.

Further, the hours recorded by Class Counsel are reasonable. Class Counsel has spent over 250 hours litigating this case to date. The summaries set forth in the Riggin Fee Declaration describe the work performed by Class Counsel, which includes fact investigation, drafting the complaints, propounding written discovery, drafting a mediation brief, preparing for and attending a mediation, negotiating the

settlement, working with the Claims Administrator, and other tasks necessary to this litigation. I find that the hours recorded by Class Counsel were reasonable and necessary to the litigation of the case, particularly in light of the result obtained for the class.

In sum, given the substantial work performed by Class Counsel over more than a year of investigation and litigation, the requested fee award is objectively reasonable under the lodestar method of calculation.

I find further that the request for $10,915.72 in litigation expenses is reasonable. Class Counsel has submitted a declaration indicating that the requested costs here are recoverable because they are both relevant to the litigation and reasonable in amount. Since the outset of this litigation, Class Counsel has incurred unreimbursed costs prosecuting this case on behalf of the Class, including costs for the following: (1) travel expenses for counsel to attend court hearings and for the plaintiffs to attend the mediation; (2) expert fees to review Defendant's time and payroll data; (3) copying charges; (4) messenger and other delivery service charges; (5) mediation fees; (6) filing and service fees; and (7) legal research charges. Class Counsel put forward these out-of-pocket costs without assurance that they would be repaid. These litigation expenses were necessary to secure the resolution of this litigation.

Accordingly, the Court approves Plaintiffs' request for attorneys' fees and costs in the amount of $120,000.00

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. This Court hereby finds and concludes that due and adequate notice was directed to all persons and entities who are Class Members, advising them of Class Counsel's intent to seek attorneys' fees and costs and service awards, the amounts thereof, and their right to object thereto.

2. A full and fair opportunity was accorded to all such persons and entities to be heard with respect to the Fee Motion. No Class Member objected to Class Counsel's request for attorneys' fees and costs or service payments.

3. The Court hereby grants Class Counsel's request for an award of attorneys' fees and costs in the total amount of $120,000.00

4. The Court hereby grants Plaintiffs' request for class representative service awards in amount of $10,000 each to named Plaintiff.

5. The awarded attorneys' fees and costs, and class representative service awards shall be paid pursuant to the terms, conditions and obligations of the Settlement Agreement.

Dated: July 12, 2017

_____
HONORABLE OTIS D. WRIGHT II
United States District Court Judge